GEO. N. ROBINSON *v.* L. & N. RAILROAD COMPANY.

1. JUDGE. *Jury.* *The Judge should declare the law and the jury determine the facts.* Under our system of laws it is not the province of the Judge to determine in the first instance questions of fact, when the cause is being tried by the jury, and it is therefore error for the Judge to tell the jury to find a verdict for one of the parties, because, in his opinion, the evidence justifies such a verdict; he should instruct the jury upon the principles of the law, and leave them to pass upon the facts.

2. ERRORS. *Immaterial.* *Supreme Court will not reverse when.* The Supreme Court, however, will not always reverse for errors of this character, where it clearly appears that the plaintiff could in no event be entitled to a recovery even according to his own showing; as for instance in an action of ejectment where it clearly appears the plaintiff has no title.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    C. W. HEISKELL, J.

H. E. JACKSON, HUMES & POSTON and C. W. FRASIER for Robinson.

ESTES & ELLETT for Railroad Company.

McFARLAND, J., delivered the opinion of the court.

The plaintiff, in August, 1874, purchased from the agent of the Pennsylvania R. R. Co., a through ticket from New York to Memphis, the last coupon being for passage over the defendant's road from Louisville to Mem-

phis. He states in his testimony that he told the agent at the time he purchased the ticket, that he did not wish to buy it unless it would entitle him to stop over on the route between Louisville and Memphis, as he wished to stop over at several places between these points for several days at each place, and in reply the agent told him that the ticket would entitle him to stop over when and where and for as long a time as he pleased. At Louisville the plaintiff took a train upon defendant's road to Memphis, presented his ticket, telling the conductor he wished to stop over at Bowling Green; the conductor replied " all right," punched his ticket and returned it to him. After stopping at Bowling Green, the plaintiff again took a train toward Memphis, told the conductor he desired to stop at Paris, this was also consented to, and the ticket again punched. Starting again from Paris, the plaintiff proposed to stop at Milan; to this the conductor objected, and told plaintiff that he could go through to Memphis, but if he traveled any distance upon the ticket he would have to punch it, and then it would not be recognized by the next conductor. The plaintiff refused to surrender his ticket, or permit it to be punched, or to pay his fare, and the conductor required him to leave the train at the next station. On the next day, the plaintiff again took the train towards Memphis, presented his ticket and proposed to stop at Milan. The conductor told him he would have to take up his ticket, unless he paid his fare from the point where he got on to Milan. This the plaintiff did under protest

The defendant admitted in open court, during the examination of the plaintiff, that the agent of the Pennsylvania Railroad Co. had authority to sell the tickets in the manner shown by complainant's witness. This, as explained by defendant's witness, meant that there was no express authority given except that different lines agreed upon through rates and the *pro rata* of each road, and each road then sold through tickets on the basis, which were recognized accordingly.

The defendant proved that the action of the conductors was in accordance with their instructions. They were not permitted to give stop-over checks—public notice had been given of this regulation some time previous—but the road was divided into three divisions. Bowling Green and Paris being the intermediate points of division, each division had separate conductors, and passengers with through tickets were at liberty to stop at the terminus of each division, but not elsewhere. The action was for damages for ejecting the plaintiff from the train in violation of the contract by which it was alleged that the plaintiff was to be carried as a passenger from Louisville to Memphis, with the privilege of stopping over between these points as often as he chose.

The Circuit Judge instructed the jury, without more, to return a verdict for defendant, which was accordingly done. Under our system of laws, it is not the province of the judge to determine in the first instance questions of fact, where the cause is being tried by the jury, and it is therefore error for the judge to tell the jury to find a verdict for one of the parties,

because, in his opinion, the evidence justified such a verdict. He should instruct the jury upon the principles of law, and leave them to pass upon the facts.

But this court will not always reverse for errors of this character; where we can see clearly that the plaintiff could in no event be entitled to a recovery even according to his own showing, we would not reverse a judgment against him even though the court erred, as for instance, in an action of ejectment where it clearly appears the plaintiff has no title.

The present case turned upon the character of the contract by which the defendant undertook to carry the plaintiff as a passenger. If, as the plaintiff insisted, by the terms of that contract he was to have the privilege of stopping as often as he chose, then a violation of this agreement would entitle him to recover. On the other hand, if the defendant was only bound to carry the plaintiff directly from the one point to the other, then as there was no violation of the agreement as thus construed, the plaintiff would not be entitled to recover. It therefore became important, in one aspect of the case, to determine whether the statements of the agent of the Pennsylvania Railroad Co. at New York, who sold the ticket, constituted part of the contract, and whether he had authority to bind the defendant by special stipulation in reference to the right to stop over on the defendant's road. This was a question of fact which should have been left to the jury under proper instructions, for we take it that the ticket was not such a written contract as to exclude parol representations, made at the sale of the ticket.

As we cannot undertake to say that there was no, evidence to be passed upon by the jury, the error of the Circuit Judge entitles the plaintiff to a reversal.

The judgment will be reversed and the cause remanded for a new trial